IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| OVERLAND LEASING GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.   09-CV-1010 |
| | ) | |
| WILDWOOD INDUSTRIES, INC., | ) | |
| GARY K. WILDER, and | ) | |
| TONI JO WILDER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is Plaintiff's Motion for Default Judgment (d/e 10) filed February 5, 2009, and Defendants' Motion to Vacate Any Technical Default and for Leave to File Answer (d/e 11) also filed February 5, 2009.  The Court is proceeding with a Report and Recommendation as Plaintiff's Motion for Default Judgment (d/e 10) is dispositive in nature.

BACKGROUND

On January 8, 2009, Plaintiff filed its Complaint (d/e 1) and summons were issued on all Defendants.  Summons were returned executed (d/es 7, 8, 9) on January 30, 2009 showing service on all Defendants on January 15, 2009, with answers due February 4, 2009.  Personal service was made on Defendant Toni Jo Wilder at her home individually, as Vice President

of Defendant Wildwood Industries, Inc. and wife of Defendant Gary Wilder. No responses to the Complaint were filed by Defendants on or before February 4, 2009. One day later, at 3:00 p.m. on February 5, 2009, Plaintiff filed its Motion for Default Judgment, followed closely at 4:47 p.m. with Defendants' Motion to Vacate with the explanation that Defendant Gary Wilder had been hospitalized the first two weeks of January in Iowa City, Iowa, and there was a misunderstanding as to the answer deadline.

Additionally at 7:39 p.m. on February 5, 2009, Defendants filed their Answer (d/e 13) to Plaintiff's Complaint indicating that Defendants are defending the case. Therefore, default isn't proper under Rule 55(a). Defendants state that their Answer being one day late is the result of a good faith mistake and mis-communication. This Court sees no reason to believe that is not the case.

## ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir., 1993). Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing. C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir., 1984). Herein, default

has not been entered, merely a motion for entry of default judgment has been filed.  Defendants have already filed their answer.  The Defendants' failure to file a responsive pleading by February 4, 2009 has caused only a minimal delay herein.  The Court does not see prejudice to the Plaintiff in allowing this case to be litigated on its merits.

Herein, if default had been entered, the Defendant under these facts would have grounds to move to vacate default under Rule 60(b) as it has shown good cause for the default, quick action to correct it, and a meritorious defense.  See <u>Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.</u>, 925 F.2d 226, 229 (7th Cir., 1991).

## CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that Plaintiff's Motion for Default Judgment  (d/e10)  be DENIED.  That Defendants' Motion to Vacate Any Technical Default and for Leave to File Answer (d/e 11) be ALLOWED, and that the Answer (d/e 13) filed be allowed to stand.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten (10) working days after service of this Report and Recommendation.  Fed. R. Civ. P. 72(b);  28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of

objections on appeal.  <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED this 6th day of February, 2008.

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE