IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| OVERLAND LEASING GROUP, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 09-CV-1010 |
| WILDWOOD INDUSTRIES, INC., GARY K. WILDER and TONI JO WILDER, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

On January 8, 2009, Plaintiff filed its Complaint herein and paid all filing fees in full. On January 15, 2009, service was executed upon all Defendants (d/es 7, 8, 9). On February 5, 2009, Plaintiff filed a Motion for Default Judgment (d/e 10) as to all Defendants. That same day Attorney David G. Lubben filed a Motion to Vacate (the motion for default) and for Leave to File Answer and Affirmative Defendants (d/e 11) on behalf of all Defendants. On February 20, 2009, U.S. District Judge Michael Mihm denied the Motion for Default and allowed Defendants' Answer (d/e 13) to stand.

On March 6, 2009, Attorney Lubben filed a Suggestion of Bankruptcy (d/e 17) on behalf of Defendant Wildwood Industries, Inc., and on March 11, 2009, the undersigned entered a Text Order referencing the Suggestion of Bankruptcy and staying the case as to Defendant Wildwood Industries, Inc.  The Court stated the case would proceed against Defendants Gary K. Wilder and Toni Jo Wilder.   On March 23, 2009, Attorney David G. Lubben filed a Motion to Withdraw as Counsel (d/e 19) which was allowed and Defendants Gary K. Wilder and Toni Jo Wilder were advised that if they failed to obtain replacement counsel, they would be considered *pro se*.  Defendant Wildwood Industries, Inc. was directed to have replacement counsel enter an appearance as soon as the automatic bankruptcy stay was lifted.

On May 5, 2009, the Court entered a Text Order acknowledging receipt of Petitions for Involuntary Bankruptcy relating to Defendants Gary K. Wilder and Toni Jo Wilder and entered an automatic stay as to the individual Defendants.

On November 4, 2009, the undersigned entered a Text Order directing the Plaintiff to show cause why this case should not be dismissed because of the pending bankruptcies and set a deadline of December 1,

2009. Plaintiff did not file any type of response. Again, on December 7, 2009, the undersigned entered a Text Order directing Plaintiff to show cause why this case should not be dismissed because of the pending bankruptcies and directed a response by December 18, 2009. The Plaintiff was directed that if no response was filed, the Court would presume no objection and the case would be dismissed. As of this date, Plaintiff has failed to respond. The Court has no other option and recommends that Plaintiff's Complaint be dismissed for want of prosecution.

Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: December 21, 2009

    FOR THE COURT:         *s/ Byron G. Cudmore*

                                            _____
                                            BYRON G. CUDMORE
                                            UNITED STATES MAGISTRATE JUDGE